[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10619
_____

Agency No. A-10-76


AZALEA COURT,

Petitioner,

versus

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
CENTERS FOR MEDICARE & MEDICAID SERVICES,

Respondent.


_____

No. 11-13072
_____

Agency No. A-10-76


WEST PALM BEACH HEALTHCARE ASSOCIATES, LLC,
f.k.a. Azalea Court,

Petitioner,

versus

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Centers for Medicare & Medicaid Services,

                                                    Respondent.

_____

No. 11-14210

_____

Agency No. A-10-76


WEST PALM BEACH HEALTHCARE ASSOCIATES, LLC,
f.k.a. Azalea Court,

                                                    Petitioner,

versus

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
CENTERS FOR MEDICARE AND MEDICAID SERVICES,

                                                    Respondent.

_____

Petitions for Review of a Decision of the
Department of Health and Human Services

_____

(July 18, 2012)

Before WILSON, ANDERSON and HIGGINBOTHAM,[*] Circuit Judges.

_____

[*]Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit,
sitting by designation.

2

PER CURIAM:

In these consolidated appeals we review a final decision of the Secretary of Health and Human Services that upholds the imposition of a civil money penalty for a skilled nursing facility's failure to maintain compliance with Medicare participation requirements concerning health and safety. With the benefit or oral argument and after carefully considering the briefs and the record, we dismiss the petitions in the cases numbered 11-10619 and 11-13072, and we deny the petition in the case numbered 11-14210.

Skilled nursing facilities that participate in the Medicare and Medicaid programs may be subject to civil money penalties if they are not in substantial compliance with minimum standards of care. 42 U.S.C. § 1395i-3(h). The Petitioner, Azalea Court, is a skilled nursing facility that participates in Medicare and Medicaid. Multiple deficiencies were identified during a survey of Azalea Court, and the Secretary concluded that residents were in "immediate jeopardy." *See* 42 C.F.R. § 488.301.

The findings of fact made by the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. § 1320a-7a(e). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427

(1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)).  We review the Secretary's conclusions of law *de novo*. *Emerald Shores Health Care Assocs. L.L.C. v. U.S. Dep't of Health & Human Servs.*, 545 F.3d 1292, 1296 (11th Cir. 2008).

As an initial matter we address our jurisdiction to review the three petitions before the Court.  Each petition challenges the same substantive conclusions, but each was filed at a different time during the proceedings.  Twice, we questioned whether the Department Appeals Board of the U.S. Department of Health and Human Services had issued a final and appealable decision.  There is no dispute, however, that the third petition for review, No. 11-14210, is timely.  Because we have jurisdiction over the third petition and each petition is substantively the same, we need not address whether we have jurisdiction to review the first two petitions.

Azalea Court devotes a substantial portion of its briefs to the argument that the Secretary did not properly allocate the burden of proof in the administrative proceedings.  We need not decide the issue, however, because the evidence weighs heavily in favor of the agency and we would deny the petition regardless of who bears the burden of proof.  Azalea Court had a deficient system for preventing elopement.  It failed to control the hazards of residents who smoke.  And it

4

neglected the wound care of Resident 3. There is more than substantial evidence that supports each of the Secretary's conclusions, and we agree that each deficiency rises to the level of immediate jeopardy.

Azalea Court also argues that the Secretary acted arbitrarily and capriciously by assessing a per diem civil monetary penalty rather than a penalty based on a particular instance of noncompliance. We find no error in the penalty imposed. The Center for Medicare and Medicaid Services may impose a civil money penalty for "the number of days a facility is not in substantial compliance with one or more participation requirements . . . ." 42 C.F.R. § 488.430(a). Azalea Court's noncompliance posed an immediate jeopardy, and the per diem monetary penalty properly accounts for each day of noncompliance.[1]

The petitions in the cases numbered 11-10619 and 11-13072 are **DISMISSED**, and the petition in 11-14210 is **DENIED**.

---

[1]We have not considered Petitioner's argument that the regulations are unconstitutionally vague. The argument was raised for the first time in this appeal, and no extraordinary circumstances exist that excuse the failure to preserve the argument. *See* 42 U.S.C. 1320a-7a(e).